## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | |
|---|---|
| ALEXIA PREDDY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADT, LLC d/b/a ADT SECURITY SERVICES, a Delaware limited liability company,<br><br>Defendant. | Case No. 0:20-cv-60971-AHS |

### MOTION TO APPEAR *PRO HAC VICE*, CONSENT TO DESIGNATION, AND REQUEST TO ELECTRONICALLY RECEIVE NOTICES OF ELECTRONIC FILING

In accordance with Rule 4(b) of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys of the United States District Court for the Southern District of Florida, the undersigned respectfully moves for the admission *pro hac vice* of Charles C. Eblen of the law firm of Shook, Hardy & Bacon L.L.P., 2555 Grand Blvd., Kansas City, MO 64108, (816) 474.6550, for purposes of appearance as co-counsel on behalf of ADT LLC in the above-styled case only; to permit Charles C. Eblen to receive electronic filings in this case pursuant to Rule 2B of the CM/ECF Administrative Procedures; and to, if granted, consider Mr. Eblen's *pro hac vice* admission in this and in the related case of *Doty v. ADT LLC*, to be one representation for purposes of Rule 4(b). In support hereof, Movant, Mr. Eblen, and ADT LLC state as follows:

1. The instant action is one of two related class actions filed in this District against ADT arising out of the same course of criminal conduct by a former ADT technician. *See Preddy v. ADT, LLC*, Case No. 0:20-cv-60971 (S.D. Fla.); *Doty v. ADT,* LLC, Case No. 0:20-cv-60972-AHS (S.D. Fla.). The plaintiffs are represented by the same lawyers in each case. The actions

were filed as separate actions on the same day, were assigned separate case numbers, and were assigned to different judges.

    2.     Consistent with Local Rule 3.8, Plaintiffs Doty and Preddy notified the Court that their actions were related [*Doty,* ECF No. 43; *Preddy*, ECF No. 22] and on July 13, 2020 Judge Ruiz transferred the *Doty* action to this Court [ECF No. 45].

    3.     Prior to transfer, Mr. Eblen was granted *pro hac vice* admission in *Doty*. [ECF No. 20].

    4.     ADT likewise desires for Mr. Eblen to represent and defend it in the instant action.

    5.     Mr. Eblen is not admitted to practice in the Southern District of Florida and is a member in good standing of the State of Missouri and the United States District Court for the Western District of Missouri.

    6.     Movant, Jennifer A. McLoone, Esquire, of the law firm of SHOOK, HARDY & BACON L.L.P., Citigroup Center, Suite 3200, 201 South Biscayne Blvd., Miami, Florida 33131, (305) 358-5171, is a member in good standing of The Florida Bar and the United States District Court for the Southern District of Florida and is authorized to file through the Court's electronic filing system. Movant consents to be designated as a member of the Bar of this Court with whom the Court and opposing counsel may readily communicate regarding the conduct of the case, upon whom filings shall be served, who shall be required to electronically file and serve all documents and things that may be filed and served electronically, and who shall be responsible for filing and serving documents in compliance with the CM/ECF Administrative Procedures. *See* Section 2B of the CM/ECF Administrative Procedures.

    7.     In accordance with the local rules of this Court, Mr. Eblen has made payment of this Court's $200.00 admission fee. A certification in accordance with Rule 4(b) is attached hereto.

    8.     Mr. Eblen, by and through designated counsel and pursuant to Section 2B CM/ECF Administrative Procedures, hereby requests the Court to provide Notice of Electronic Filings to him at email address: ceblen@shb.com.

    9.     In addition to moving for *pro hac vice* admission in this case, Mr. Eblen and ADT request that the Court consider this Motion and any Order granting same in this case to arise out of the same, and not a separate, representation as in *Doty,* for purposes of Rule 4(b). *See* Rule 4(b) (providing that "the filing of more than three motions to appear pro hac vice within a 365-day period in separate representations before the Courts of this District shall be presumed to be a

'general practice'"). In other words, Mr. Eblen and ADT request that Mr. Eblen's *pro hac vice* admission in *Doty* and in this case count together as 1 of the 3 "separate representations" permitted by Local Rule 4(b) in a 365-day period. As indicated above, both cases arise out of the same isolated conduct; involve the same subject matter, similar claims, and overlapping legal and factual issues; both the parties and the Court have recognized that these cases are similar and related;[1] and Mr. Eblen's *pro hac vice* admission is on behalf of the same party in each case, ADT LLC. Good cause exists to consider the representation to be one representation and this Court has the discretion to so order. *See* Rule 4(b) (providing that "[u]pon written and for good cause shown the Court may waive or modify this prohibition"); *Encarnacion v. Financial Corporation of America*, Case No. 2:17-cv-566-FtM-38CM, 2018 WL 3860124 (M.D. Fla. 2018) ("It is well-settled that federal courts have wide discretion in granting admission to practice pro hac vice.")

WHEREFORE, Jennifer A McLoone, moves this Court to enter an Order for Charles C. Eblen, to appear before this Court on behalf of ADT LLC, for all purposes relating to the proceedings in the above-styled matter, directing the Clerk to provide notice of electronic filings to Charles C. Eblen, and to deem this admission and the *pro hac vice* admission in *Doty* to be one representation for purposes of Rule 4(b).

Dated: October 23, 2020.

Respectfully submitted,

*Jennifer A. McLoone*
Jennifer A. McLoone (Florida Bar No. 029234)
E-Mail: jmcloone@shb.com
SHOOK, HARDY & BACON L.L.P.
Citigroup Center, Suite 3200
201 South Biscayne Blvd.
Miami, Florida 33131
T: (305) 358-5171

**Attorneys for ADT LLC**

---

[1] Local Rule 3.8 (Notice of Transfer of Refiled And Similar Actions And Procedures) provides that: "[i]t shall be the continuing duty of the attorneys of record in every action or proceeding to bring promptly to the attention of the Court and opposing counsel the existence of other actions or proceedings as described in Section 2.15.00 of the Court's Internal Operating Procedures . . . . Such notice shall be given by filing with the Court and serving a "Notice of Pending, Refiled, Related or Similar Actions," containing a list and description thereof sufficient for identification. Likewise, Internal Operating Procedure 2.15.00 (Transfer of Similar Actions) provides that: "[w]henever an action or proceeding filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons, the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the higher-numbered action or proceeding shall be transferred to the Judge assigned to the lower-numbered action."