**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| | |
|---|---|
| ALEXIA PREDDY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADT, LLC d/b/a ADT SECURITY SERVICES, a Delaware limited liability company,<br><br>Defendant. | Case No. 0:20-cv-60971- AHS |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF SUPPLEMENTAL FACTS

Plaintiff brings this class action against Defendant ADT LLC ("ADT") following ADT's self-reporting of isolated criminal conduct by a now-former ADT technician in Texas. That individual, Telesforo Aviles, is being prosecuted criminally for the same conduct at issue in this lawsuit, for which Plaintiff seeks to hold both Aviles and ADT liable.

In the present Motion, Plaintiff requests that this Court take judicial notice of "documents, and facts contained therein" (Mot. p. 1) filed in the criminal case against Mr. Aviles, *USA v. Aviles*, Case No. 3:20-cr-00506. Plaintiff suggests that the documents and facts are "relevant to Defendant ADT's pending Motion to Dismiss."[1] *Id.* ADT opposes Plaintiff's request because it is contrary to well-settled law and because the documents are not relevant to ADT's pending Motion to Dismiss [ECF No. 58]. In support hereof, ADT states as follows:

---

[1] Defendant ADT's Motion to Dismiss is set for hearing on October 29, 2020 and briefing on the Motion has been closed since September 14, 2020. Plaintiff originally filed this Motion on October 26, 2020 but the Motion was denied for non-compliance with Local Rule 7.1. Plaintiff re-filed her Motion on October 27, 2020. The documents that are the subject of the Motion were filed in the criminal case on October 19, 2020.

1)      Plaintiff's Amended Complaint brings five causes of action against ADT, including negligence; negligent hiring; intrusion upon seclusion; intentional infliction of emotional distress; and a request for injunctive relief. [ECF No. 31]

2)      Plaintiff also seeks certification of a nationwide class of "[a]ll individuals in the United States who (1) reside in a household with an ADT Pulse security system, but are not the account holder; (2) where that security system was remotely accessed by an employee or agent of Defendant ADT without authorization from the account holder" as well as  a sub-class of "[a]ll individuals in the United States who (1) reside in a household with an ADT Pulse security system, but are not the account holder; (2) where that security system was remotely accessed by Telesforo Aviles without authorization from the customer." [ECF No. 31, ¶ 43].

3)      ADT moved to dismiss each count in Plaintiff's Amended Complaint for failure to state a claim, and moved to dismiss the nationwide class definition [ECF No. 38].

## Memorandum of Law

Federal Rule of Evidence 201(b) allows a court to take judicial notice of certain facts that are "not subject to reasonable dispute" because either they are "generally known within the trial court's territorial jurisdiction" or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).  However, "[t]aking judicial notice of facts is 'a matter of evidence law' and 'a highly limited process.'" *See In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1128 (S.D. Fla. 2019) (citations omitted).   "'Indisputability is a prerequisite' to judicial notice" even as to facts purportedly found true in other actions because, otherwise, judicial notice would allow parties to circumvent the requirements of issue preclusion. *Id*. at 1128-29 (citations omitted).

I. Judicial Notice is Not Appropriate To Establish the Truth of the Matters Asserted

Here, Plaintiff's request that this Court take judicial notice of the documents attached to Plaintiff's Motion (Criminal Information, Waiver of Indictment, Plea Agreement and Factual Resume) as well as the facts contained therein is improper and should be denied. Consistent with well-established law, the Court may only take notice of the fact that the documents were filed in another litigation (here the criminal case against Aviles) and that the documents say what they say. *See In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d at 1128-29 (declining to take judicial notice of disputed facts in Takata's plea agreement and denying motion to dismiss based on the content of the plea agreement); *see also Bryant v. Avado Brands Inc.*, 187 F. 3d 1271 (11th Cir. 1999) (in a securities fraud cause, court may take judicial notice of SEC filings for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings); *Cavero v. Law Offices of Erskine & Fleisher*, Case No. 12-21196-CIV, 2012 WL 13134213 (S.D. Fla. Aug. 28, 2012) (court may take judicial notice of documents filed in a state court case, not for the truth of the matters asserted, but simply to establish the existence of the litigation and the fact that the documents were filed).

This Court may not accept the documents or their contents for the truth of the matters asserted, as Plaintiff's Motion requests. This is particularly true where ADT is not bound by Aviles' unsworn statement regarding certain facts contained in the documents, and is entitled to the opportunity to engage in cross-examination with regard to Aviles' version of those "facts".

      II.      Judicial Notice is Not Appropriate In Connection with Defendant's Motion to Dismiss

Moreover, while this Court may take judicial notice of the fact that certain documents were filed in the criminal case against Aviles for the limited purpose set forth above, it should decline to do so at this time because the documents themselves, and the criminal case against ADT's former employee generally, are irrelevant to this Court's adjudication of ADT's pending motion to dismiss. The fact that Aviles was charged and/or pled guilty has no bearing on whether Plaintiff here has appropriately pled causes of action <u>against ADT</u> in her First Amended Complaint. The fact of Aviles' guilty plea does not assist Plaintiff in establishing the elements of her causes of action against ADT, the only issue before the Court in ADT's pending motion to dismiss.

For example, the fact that Aviles pled guilty does not address: 1) whether Plaintiff's claims are subject to arbitration; 2) whether Plaintiff alleged an identifiable physical injury to support her negligence-based claims against ADT; 3) whether Plaintiff pled any intentional conduct by ADT in support of her intentional infliction of emotional distress and intrusion upon seclusion claims; 4) whether Texas law recognizes a cause of action for privacy monitoring; and, 6) whether Plaintiff's nationwide class definition is plausible -- all of which are the arguments raised by ADT in its pending Motion to Dismiss.

Thus, even if judicial notice were proper for a limited purpose, this Court should decline to take judicial notice of these facts in connection with Defendant's Motion to Dismiss, as the documents are not relevant to any issue presently before the Court.[2] *Cf. Universal Express, Inc. v. U.S. SEC*, 177 Fed. Appx. 52 (11th Cir. 2006) (affirming district court taking judicial notice where the fact that a complaint was filed and the subject matter of that complaint established the

---

[2] If relevant at all, the fact of Aviles' indictment and guilty plea supports ADT's defense that ADT did not engage in intentional behavior and is not be liable for the independent and unauthorized criminal conduct of one of its now-former technicians.

existence of an adequate, alternative remedy in favor of dismissal); *Baker v. Batmasian*, Case No. 9:16-cv-81928, 2017 WL 696123, (S.D. Fla. 2017) (taking judicial notice where the fact that certain documents were filed was relevant to a then-pending defense of claims splitting); *Martin v. Hogue*, Case No. 8:11-cv-228, 2011 WL 2894986 (M.D. Fla. July 20, 2011) (taking judicial notice of the fact of state court litigation to establish that plaintiff's federal court claims were barred by claim preclusion).

WHEREFORE, ADT respectfully requests that Plaintiff's Motion for Judicial Notice of Supplemental Facts be denied.

Dated October 28, 2020.                    Respectfully submitted,

*Jennifer A. McLoone*_____
Alfred J. Saikali (Florida Bar No. 178195)
E-Mail: asaikali@shb.com
Jennifer A. McLoone (Florida Bar No. 029234)
E-Mail: jmcloone@shb.com
SHOOK, HARDY & BACON L.L.P.
201 South Biscayne Blvd., Suite 3200
Miami, Florida 33131
T: (305) 358-5171

-and-

Charles C. Eblen (*admitted pro hac vice*)
E-Mail: ceblen@shb.com
Jason R. Scott (*admitted pro hac vice*)
E-Mail: jscott@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
T: (816) 474-6550

***Counsel for ADT LLC***