UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60971-CIV-SINGHAL

ALEXIA PREDDY, individually and
on behalf of all others similarly situated,

    Plaintiffs,

v.

ADT, LLC d/b/a ADT SECURITY
SERVICES, a Delaware limited liability
company, and TELESFORO AVILES, an
individual,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant ADT, LLC's ("ADT") Motion to Dismiss the Amended Complaint and Motion to Compel Arbitration (DE [38]). The matter has been fully briefed and the Court has heard argument of counsel. Because the Court finds that Plaintiff is bound by the arbitration agreement contained in the alarm services contract, ADT's Motion to Compel Arbitration is granted and the Motion to Dismiss Amended Complaint is denied as moot.

I.    BACKGROUND

According to the First Amended Complaint (DE [31]), Plaintiff Alexia Preddy ("Plaintiff") lived in a home in Texas with her mother who had contracted with ADT for its Pulse home alarm service. The Pulse system provided an internet-connected smart home system including camera surveillance inside and outside the home. Plaintiff's mother had been an existing customer of ADT and received an offer to upgrade her service to include Pulse. Plaintiff expressed reservations about installing cameras in

the home, but her mother was assured by ADT that the service was safe and the system was installed.

After several years of service, ADT notified Plaintiff's mother that an ADT technician had given himself remote access to her account that enabled him to surreptitiously open locks, disarm the system, and view and download security camera footage from her home. The technician accessed the home's system 73 times and accessed the accounts of hundreds of other ADT customers in Texas.

Plaintiff filed this action on behalf of herself and a putative class of "[a]ll individuals in the United States who (1) reside in a household with an ADT Pulse security system, but are not the account holder; (2) where that security system was remotely accessed by an employee or agent of Defendant ADT without authorization from the account holder" and a sub-class of "[a]ll individuals in the United States who (1) reside in a household with an ADT Pulse security system, but are not the account holder; (2) where that security system was remotely accessed by Telesforo Aviles without authorization from the customer."

The First Amended Complaint alleges that ADT marketed the Pulse system with promises of best practices in managing consumers' privacy and data and with assurances of the professionalism and trustworthiness of ADT's installers.  Yet, Plaintiff alleges, the Pulse system contained a vulnerability that permitted third parties to grant themselves unauthorized access to Pulse accounts but ADT had no procedures to prevent or discover such unauthorized access.  Plaintiff alleges that the unauthorized access to the cameras in her home exposed her private and intimate moments to strangers who had accessed the system.  She seeks damages from ADT on behalf of

herself, the putative class, and the putative subclass for negligence, negligent hiring, supervision, and retention, intentional infliction of emotional distress, and intrusion upon seclusion.  She also asks that the Court award an equitable remedy of privacy monitoring to protect against future harm arising from the unauthorized access to the Pulse system.

ADT moves to dismiss the First Amended Complaint or, alternatively, to compel arbitration in accordance with the alarm services contract signed by Plaintiff's mother. ADT argues that the Amended Complaint should be dismissed because Plaintiff's negligence claims are barred by Texas law since she has not alleged any physical damages, that the Amended Complaint fails to allege facts that would plausibly support intentional tort claims against ADT, and that the Amended Complaint fails to allege any basis for imposing vicarious liability upon ADT for the unauthorized actions of its employee.

ADT further argues that the Amended Complaint should be dismissed because the contract for alarm services contained an arbitration clause and a waiver of jury trials:

> **ARBITRATION.** ADT AND I AGREE THAT ANY AND ALL DISPUTES BETWEEN US SHALL BE GOVERNED BY THIS BINDING ARBITRATION AGREEMENT. . . .
>
> [t]he term "Dispute" shall be given the broadest possible meaning and will apply to, without limitation, all claims and controversies arising from this Agreement; sales activities; goods and services; advertisements, promotions and other statements; billing and collection practices; privacy; and any other dispute arising from my interaction or relationship with ADT.
>
> As used herein, the term "Dispute" means any claim or controversy, including, but not limited to, initial claims, counterclaims, cross-claims, and third-party claims, whether

> based in contract; tort; fraud; intentional actions; violation of any statute, code or regulation; or other legal theory.
>
> * * *
>
> IF EITHER PARTY ELECTS TO ARBITRATE A DISPUTE, ADT AND I WAIVE THE RIGHT TO A JURY TRIAL AND TO OTHERWISE LITIGATE THE DISPUTE IN COURT. BY AGREEING TO ARBITRATE, THE PARTIES MAY ALSO WAIVE OTHER RIGHTS THAT WOULD OTHERWISE BE AVAILABLE IN COURT. . . .

(DE [38-1]).  Plaintiff contends that she is not subjected to the arbitration clause because she was not a signatory to the alarm services contract.

## II.   LEGAL STANDARDS

The Federal Arbitration Act's ("FAA"), *see* 9 U.S.C. §§ 1 *et seq.*, "primary purpose is to ensure that private agreements to arbitrate are enforced according to their terms." *Spirit Airlines, Inc. v. Maizes*, 2017 WL 4155476, at *2 (S.D. Fla. Sept. 19, 2017) (internal quotation omitted), *aff'd*, 899 F.3d 1230 (11th Cir. 2018). Federal policy favors arbitration. *Moses H. Cone Memorial Hosp. v. Mercury Contr. Co.,* 460 U.S. 1, 24 (1983) ("The [Federal] Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. . . ."). To that end, according to the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. However, "[a]rbitration is a matter of contract," *AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 648 (1986), and the federal policy presumption in favor of arbitration "does not apply to the determination of whether an arbitration agreement exists" in the first place. *Rensel v. Centra Tech, Inc.,* 2018 WL 4410110, at *10 (S.D. Fla. June 14, 2018).

The parties agree that Texas law applies to the arbitrability issue.[1] Under Texas law, "[g]enerally only signatories to an arbitration agreement are bound by the agreement." *Rocha v. Marks Transport, Inc.,* 512 S.W.3d 529, 535 (Tex. App. 2016) (quotation omitted). But non-signatories may be compelled to arbitrate in certain circumstances under principles of contract and agency law. *Id.* Whether a non-signatory is bound by an arbitration agreement is a "gateway matter" for the court to decide. *In re Weekley Homes LP*, 180 S.W. 127, 130 (Tex. 2005).

ADT argues that Plaintiff may be compelled to arbitrate under the doctrine of direct-benefits estoppel. "The doctrine of direct-benefits estoppel requires a non-signatory to arbitrate a claim 'if it seeks, through the claim, to derive a direct benefit from the contract containing the arbitration agreement.'" *Rocha*, 512 S.W.3d at 535 (quoting *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 761 (Tex. 2006) (original proceeding) (citing *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 741 (Tex. 2005)). "While the boundaries of direct-benefits estoppel are not always clear, non-signatories generally must arbitrate claims if liability arises from a contract with an arbitration clause, but not if liability arises from general obligations imposed by law." *In re Weekley*, 180 S.W. 3d at 130, 134. The Supreme Court of Texas "recognize[d] that direct-benefits estoppel has yet to be endorsed by the United States Supreme Court, and that its application and

---

[1] A federal court sitting in diversity under 28 U.S.C. § 1132(d)(2) applies the choice of law rule of the state in which it is located, in this case Florida. *U.S. Fidelity & Guar. Co. v. Liberty Surplus Ins. Corp.*, 550 F.3d 1031, 1033 (11th Cir. 2008). The applicable test varies depending on the cause of action. This case involves both contract and tort claims. Florida applies the "most significant relationship test" as outlined in the Restatement (Second) of Torts to determine choice of law for tort actions. *Melton v. Century Arms, Inc.*, 243 F. Supp. 3d 1290, 1299 (S.D. Fla. 2017); *Bishop v. Fla. Specialty Paint Co.*, 389 So.2d 999, 1001 (Fla. 1980)). For contract actions, Florida applies the doctrine of *lex loci contractus* and considers where the contract was executed. *State Farm Mut. Auto. Ins. Co. v. Roach,* 945 So.2d 1160, 1163 (Fla. 2006). In this case, the making of the contract, the installation of the Pulse alarm system, and the unauthorized access all occurred in Texas.

boundaries are not entirely clear." *Id.* at 134. The court further noted that "the equitable nature of the doctrine may render firm standards inappropriate, *requiring trial courts to exercise some discretion based on the facts of each case.*" *Id.* at 135 (emphasis added).

"There are two ways direct-benefits estoppel can bind a non-signatory to an arbitration agreement." *SIG-TX Assets, LLC v. Serrato*, 2019 WL 1771301, at *3 (Tex. App. Apr. 23, 2019).

> The first way the doctrine may apply is when the non-signatory's claims (and thus the defendant's liability) arise solely from the contract or must be determined by reference to it. The second way is when the non-signatory deliberately seeks and obtains direct and substantial benefits from the contract containing the arbitration clause, irrespective of whether the non-signatory's claims are based on the contract.

*Id.* ADT argues both grounds for applying direct-benefits estoppel. First, it argues that Plaintiff's claims cannot be determined without reference to the contract. Second, it argues that, as an authorized user of the Pulse system, Plaintiff sought and obtained direct and substantial benefits from the contract containing the arbitration clause and cannot now disavow the terms of the contract. Plaintiff responds that her claims are founded in tort, not contract, and therefore the first ground does not apply. Secondly, she argues that obtaining incidental benefits from the contract are not sufficient to bind her to the contract's arbitration clause. Based upon the facts of this case as alleged in the First Amended Complaint, the Court concludes that Plaintiff – even though a non-signatory -- is bound by the arbitration clause.

First, the Court concludes that Plaintiff's claims seek to enforce a benefit arising directly from the contract. The Supreme Court of Texas explains:

> We conclude that, under "direct benefits estoppel," although a non-signatory's claim may relate to a contract containing an arbitration provision, that relationship does not, in itself, bind the non-signatory to the arbitration provision. Instead, a non-signatory should be compelled to arbitrate a claim only if it seeks, through the claim, to derive a direct benefit from the contract containing the arbitration provision.

*In re Kellogg Brown & Root,* 166 S.W.3d at 741 (citing *MAG Portfolio Consult., GMBH v. Merlin Biomed Group LLC*, 268 F.3d 58, 61 (2d Cir. 2001) ("The benefits must be direct— which is to say, flowing directly from the agreement.")).  In *Kellogg*, the Texas court rejected a contractor's attempt to bind a second-tier subcontractor to an arbitration agreement signed by the contractor and the first-tier subcontractor.  The second-tier contractor provided materials and services contemplated by the original subcontract that contained the arbitration clause and sued the contractor under a *quantum meruit* theory for services rendered.  The court noted that nothing in the first-tier contract contemplated payment to the second-tier subcontractor.  The court held, therefore, that the *quantum meruit* claim did not arise directly from the contract containing the arbitration clause.

Unlike the claims in *Kellogg*, Plaintiff's claims in this case arise directly from ADT's obligations under the contract.  ADT agreed to install a security system to protect Plaintiff's home, but left the home and its occupants vulnerable to intrusion; Plaintiff's claims cannot be resolved without reference to ADT's duties under the contract.  Plaintiff relies on *Rocha v. Marks Transport, Inc.,* 512 S.W.3d 529 (Tex. App. 2016), but the contract in that case had no bearing on the plaintiff's personal injury claims.  In *Rocha*, the plaintiff's husband purchased an extended warranty containing an arbitration clause.

The plaintiff brought her vehicle in for service under the extended warranty and sustained injuries when she fell on the premises. The court held that the plaintiff's presence on the premises may have been motivated by the extended warranty, but the defendant's duty to maintain safe premises existed independently from the warranty.

By contrast, ADT's duty to reasonably prevent unauthorized access to the security system it installed arises directly from the contract to install the security system; the duty does not exist independently from the contract. Plaintiff's reliance on *SIG-TX Assets, LLC v. Serrato*, 2019 WL 1771301 (Tex. App. Apr. 23, 2019), is misplaced for that reason. In *SIG-TX,* one family member signed a services contract with a funeral home for the interment of the family's matriarch. After the funeral home switched corpses and buried the matriarch in a funeral service attended by another family, the plaintiffs (but not the contracting party) sued the funeral home. The court rejected the funeral home's attempt to bind the non-signators to the contract's arbitration clause because the funeral home had an independent duty under common law not to mishandle the corpse. *Id.* at *4. Thus, although the plaintiffs' claims touched upon the contract, they did not rely upon the terms of the contract and, therefore, the non-signatory plaintiffs could not be bound by the contract's arbitration clause. In this case, however, Plaintiff's claims relate directly to the contract to install a home security system and Plaintiff is bound by its terms.

Second, Plaintiff is also required to arbitrate her claims because she deliberately sought and obtained benefits from the contract: she was an authorized user of the Pulse security system that was installed in the home where she lived. "[D]irect-benefits estoppel looks at the actions of the parties after the contract was executed." *In re Lloyd's Register N. Am., Inc.,* 780 F.3d 283, 293 (5th Cir. 2015). Although her mother signed

8

the service agreement contract, once the system was installed Plaintiff became an authorized user who had the ability to set and use the system. (DE [45-1]). She directly benefited from the service agreement and installation of the Pulse system; she is, therefore, bound by the service agreement's arbitration clause.

In light of the Court's decision that this case is subject to arbitration, the Court will not consider the substantive grounds for dismissal raised by ADT. The Court will stay the case pending arbitration. *See Valiente v. Holiday CVS, LLC,* 2020 WL 2404701, at * 3 (S.D. Fla. May 12, 2020) (discussing Federal Arbitration Act and Eleventh Circuit precedent holding claims subject to arbitration should be stayed, rather than dismissed). Accordingly, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant ADT LLC's Motion to Dismiss the Amended Complaint and Motion to Compel Arbitration (DE [38]) is **GRANTED IN PART AND DENIED IN PART AS MOOT.** The Clerk of Court is directed to **STAY** this case pending arbitration. The case shall remain **CLOSED** for administrative purposes only, and without prejudice to the parties to move to reopen once arbitration has been completed. All other pending motions are **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of December 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF